[780 NYS2d 794]

In the Matter of JERARD HANKIN (Admitted as JERARD STEVEN HANKIN), an Attorney, Resignor.

Second Department, August 16, 2004

**APPEARANCES OF COUNSEL**

*Richard Grayson*, White Plains, for resignor.

*Gary L. Casella*, White Plains (*Fredda Fixler-Fuchs* of counsel), for Grievance Committee for the Ninth Judicial District.

## OPINION OF THE COURT

Per Curiam.

Jerard Hankin has submitted an affidavit dated February 11, 2004, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Hankin was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 18, 1970, under the name Jerard Steven Hankin.

Mr. Hankin avers that his resignation is submitted freely and voluntarily, that he is not being subjected to any coercion or duress, and that he is fully aware of the implications of its submission. Mr. Hankin is aware that he is the subject of a pending investigation by the Grievance Committee into allegations of professional misconduct. The preliminary investigation revealed, inter alia, that Mr. Hankin failed to maintain sufficient funds in escrow on behalf of clients, commingled funds in the firm's escrow account, failed to properly label and maintain escrow accounts, aided the unauthorized practice of law, divided legal fees with a nonlawyer, violated Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4] [conduct involving fraud, deceit, and misrepresentation]), and engaged in conduct prejudicial to the administration of justice. Mr. Hankin acknowledges that based upon the scope of the aforementioned investigation, the Grievance Committee is likely to move the Court for authorization to institute and prosecute a disciplinary proceeding against him, pursuant to 22 NYCRR 691.4 (*l*) (1) (ii) and (iii).

Mr. Hankin admits that he would be unable to successfully defend himself on the merits against charges predicated upon the aforementioned allegations.

Mr. Hankin acknowledges that, pursuant to Judiciary Law § 90 (6-a) (a), to the extent that any funds being held by him in a fiduciary capacity for any third parties are unaccounted for, the Court could include in its order permitting him to resign a requirement that he make monetary restitution to any person whose money or property was misappropriated or misapplied or a requirement to reimburse the Lawyers' Fund for Client Protection. Mr. Hankin is also aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The proffered resignation, which complies with all appropriate Court rules, is accepted, and effective immediately, Jerard

Hankin, admitted as Jerard Steven Hankin, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and GOLDSTEIN, JJ., concur.

Ordered that the resignation of Jerard Hankin, admitted as Jerard Steven Hankin, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jerard Hankin, admitted as Jerard Steven Hankin, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Jerard Hankin, admitted as Jerard Steven Hankin, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jerard Hankin, admitted as Jerard Steven Hankin, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further

Ordered that if Jerard Hankin, admitted as Jerard Steven Hankin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).